WILLIAM R. TAMAYO, SBN 084965
JONATHAN T. PECK, #12303 (VA)
LINDA S. ORDONIO-DIXON   SBN 172830
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5654
Fax No. (415) 625-5657

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br>　v.<br>QUEST INTELLIGENCE LLC,<br><br>　　　　Defendant. | CIVIL ACTION NO.<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 (Title VII) and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Tabitha Feeney who was adversely affected by such practices. As set forth in this Complaint, Plaintiff alleges that Defendant Quest Intelligence LLC (QUEST) violated Title VII by refusing to allow Ms. Feeney to return to work following her maternity leave.

//

//

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§ 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(l) and (3) (Title VII) and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The unlawful employment practices alleged herein were and are now being committed in the State of California, in the City of Stockton, California, within the jurisdiction of the United States District Court for the Eastern District of California. Venue is therefore proper in the United States District Court for the Eastern District of California.

## PARTIES

3. Plaintiff, the U. S Equal Employment Opportunity Commission (EEOC), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §§ 706(f)(l) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(l) and (3).

4. Defendant QUEST is a California Limited Liability Corporation doing business in the State of California, in the City of West Sacramento, and has continuously had at least 15 employees.

5. At all relevant times, Defendant QUEST has continuously been an employer engaged in an industry affecting commerce, within the meaning of §§ 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Party Tabitha Feeney filed a charge with the EEOC alleging violations of Title VII by QUEST. On October 19, 2011, the EEOC issued a Letter of Determination finding that Ms. Feeney was subjected to unlawful employment discrimination based upon her sex, female. Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of §706(b) of Title VII, 42 U.S.C. §§ 2000e-5(b) and 2000e-6. Efforts to

conciliate were unsuccessful. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Defendant has engaged in unlawful employment practices in violation of §703 of Title VII, 42 U.S.C §2000e-2, by refusing to allow Ms. Feeney to return to work in her job as a security guard after the completion of her maternity leave. At the same time of Ms. Feeney's rejection, Defendant sought applicants and hired males for security guard positions.

8. The effect of the practices complained of in paragraph 7, above, has been to deprive Tabitha Feeney of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

9. The unlawful employment practices complained of in paragraph 7, above, were and are intentional and caused Tabitha Feeney to suffer emotional distress.

10. The unlawful employment practices complained of in paragraph 7, above, were and are being done with malice or with reckless indifference to the federally protected rights of Tabitha Feeney.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination against their employees, including discrimination based on sex.

B. Order Defendant to institute and carry out policies, practices, and programs which prohibit discrimination based on sex and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Tabitha Feeney by providing appropriate back pay and benefits with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay and other relief to be determined at trial.

D. Order Defendant to make whole Tabitha Feeney by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, in amounts to be determined at trial.

E. Order Defendant to make whole Tabitha Feeney by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, resulting from the unlawful practices complained of above in amounts to be determined at trial.

F. Order Defendant to pay Tabitha Feeney punitive damages for its malicious and reckless conduct described above in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the EEOC its costs of this action.

//
//
//
//

**JURY TRIAL DEMAND**

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 17, 2012

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, N. W.
Washington, D.C. 20507

By: _____
WILLIAM R. TAMAYO
Regional Attorney
U.S. EEOC
San Francisco District Office

By: _____
JONATHAN S. PECK
Supervisory Trial Attorney
U.S. EEOC
San Francisco District Office

By: _____
LINDA S. ORDONIO DIXON
Senior Trial Attorney
U.S. EEOC
San Francisco District Office