UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>QUEST INTELLIGENCE GROUP LLC,<br><br>Defendant. | Case No.:  **2:12-cv-02402-JAM-DAD**<br><br>**CONSENT DECREE** |

Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964 (Title VII) and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices and to provide appropriate relief to Charging Party Tabatha Feeney, who was allegedly adversely affected by such practices.  In particular, the EEOC alleged that Defendant violated Title VII by refusing to allow Ms. Feeney to return to work following her maternity leave.

Defendant, QUEST INTELLIGENCE GROUP LLC (Quest) answered the Complaint and denied liability on all claims alleged by the EEOC.

In the interest of resolving this matter, the EEOC and Quest, (hereinafter referred to as "the Parties") have agreed that the above-captioned lawsuit (the "Lawsuit") should be finally resolved by entry of this Consent Decree.

This Consent Decree shall not constitute adjudication and/or a finding on the merits of this lawsuit. This Consent Decree resolves all claims raised by the EEOC which stem from EEOC Charge No. 550-2009-00771 (Tabatha Feeney v. Quest Intelligence Group LLC) and the EEOC Complaint in this lawsuit, and constitutes a complete resolution of all claims of discrimination under Title VII and Title I of the Civil Rights Act of 1991 that were made or could have been made by the EEOC based on this charge. This Consent Decree does not, however, resolve any future charges or charges that may be pending with the EEOC other than the charge and Complaint specifically referenced in this paragraph.

This Consent Decree comprises the full and exclusive agreement of the EEOC and Quest with respect to the matters discussed herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by all the Parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and now approves this Consent Decree.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

**I.     GENERAL PROVISIONS**

This Court has jurisdiction over the subject matter and the Parties to this Lawsuit. This Court will retain jurisdiction over this Decree for all purposes until the expiration of Defendant's obligations as set forth herein.

This Consent Decree is final and binding. The Parties will each bear their own costs and attorney's fees in this action.

//

//

//

## II. GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION

Defendant and its officers, agents, employees, and successors and assigns at the time that this Decree becomes effective and for the duration of this Decree, are enjoined from engaging in any of the following conduct: (a) unlawfully discriminating against any employee based on gender and/or pregnancy; or (b) retaliating against any person because he or she: (i) opposes or opposed discriminatory practices made unlawful by Title VII; (ii) files or filed a charge of discrimination or assists, assisted, participates, or participated in the filing of a charge of discrimination; or (iii) assists, assisted, participates or participated in an investigation or proceeding brought under the Federal laws prohibiting discrimination or retaliation.

## III. SPECIFIC INJUNCTIVE RELIEF

### A. EMPLOYEE HANDBOOK

Defendant shall implement policies and practices that assure a work environment free from pregnancy discrimination for its employees and that allow employees and applicants to make requests for maternity leave or to raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, made unlawful by Title VII. To meet this requirement, Defendant shall prepare an employee handbook which contains the following provisions:

    a. Clear and complete definitions of pregnancy discrimination, with special attention to the issue of maternity leaves.

    b. A statement that discrimination on the basis of gender, including failure to return an employee to their original position after the completion of maternity leave is illegal, prohibited, and will not be tolerated.

    c. A clear and strong encouragement of persons who believe they have been discriminated against on the basis of pregnancy, to come forward.

    d. The identification of specific individuals within the Company, with their telephone numbers, to whom employees can request maternity leave and/or to report pregnancy discrimination.

    e. A process to appropriately address requests for maternity leave and return from maternity leave including review of medical restrictions, essential work functions and

feasibility of modifications.

  f. A description of the consequences, up to and including termination, which may be imposed upon violators of the policies proscribing pregnancy discrimination.

  g. An assurance of maximum feasible confidentiality for persons who believe that they have been subjected to unlawful discrimination based on pregnancy.

  h. An assurance of non-retaliation for persons and witnesses who report to Defendant that they believe they have been subjected to unlawful discrimination because of pregnancy.

  i. These policies shall be distributed to all employees within one hundred twenty (120) days of the entry of this Decree. These policies also shall be distributed to new employees when hired. These policies also shall be posted in a prominent place at each of Defendant's locations.

  j. A statement (by way of a cover letter) from the general manager affirming: (1) the importance of maintaining an environment free of discrimination; and (2) that managers and supervisors will be disciplined if they fail to comply with policies prohibiting pregnancy discrimination.

Upon their completion, a copy of the handbook created in accordance with the requirements of this Decree shall be provided to the EEOC. In addition, each employee of Quest shall be provided a copy of the policy.

**B. RESOLUTION PAYMENT**

Defendant shall pay the total sum of $1,500.00 (Fifteen Hundred Dollars) to Tabatha Feeney for the claims asserted by the EEOC on her behalf in this lawsuit.

  a. Defendant shall report the Resolution Payment by issuance of IRS Form 1099 and IRS Form W-2.

  b. Defendant shall make payment as follows: Within thirty (30) days of the entry of this Consent Decree, Defendant shall deliver such payment in the form of a business check, cashier's check, or certified check made payable to "Tabatha Feeney" and sent via certified mail to Ms. Feeney's home address, which will be provided to Defendant.

**IV.     RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE**

   a.     This Consent Decree shall terminate one year from the date of entry by the Court, unless the Commission petitions this Court for an extension of the Decree because of non-compliance by Defendant.  If the Commission determines that Defendant has not complied with the Consent Decree, the Commission will provide written notification of the alleged breach and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification.  The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue.  If the Commission petitions the Court and the Court finds Defendant to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree.

   b.     Except for the Court's retention of jurisdiction solely to enforce this Consent Decree as provided in the preceding paragraph, for five years after the entry of this Consent Decree, this lawsuit will be dismissed with prejudice, effective with Court's approval of this Consent Decree, and the parties will execute a stipulated dismissal with prejudice to that effect.  Defendant will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that Defendant has failed to comply with any of the terms of this Decree. This Consent Decree will automatically expire without further Court Order.

IT IS SO ORDERED:

Dated: 1/6/2014                                          /s/ John A. Mendez
                                                         United States District Court Judge